FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2020 FEB 28 PM 3:06

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18CR301 |
| vs. | PLEA AGREEMENT |
| CHARLES NEIL PARKER, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney, and Kelli L. Ceraolo, Assistant United States Attorney, and defendant, Charles Neil Parker, and Mark W. Bubak, counsel for defendant, as follows:

## I
## THE PLEA

A. CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to waive Indictment and plead guilty to an Information. Counts I and II of the Information each charge Child Abuse in violation of Title 18, United States Code, Sections 1153, 13, and 2, and Nebraska Revised Statute Sections 28-707(1)(a)&(b) and 28-707(4).

B. In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States will move to dismiss the Indictment as to this Defendant at the time of sentencing.

## II
## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant intentionally and knowingly caused C.H. to be cruelly confined and cruelly punished;

1

    2.    Defendant is an Indian (Native American);

    3.    C.H. is an Indian (Native American);

    4.    C.H. had not yet reached the age of eighteen years;

    5.    This occurred in Indian Country, within the boundaries of the Omaha National Indian Reservation.

B.    ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

    1.    That on multiple occasions, with at least one occasion in August 2018, and one occasion in September 2018, Charles Neil Parker confined C.H. (DOB 9/4/2008) to an unfinished utility room in the basement of Charles Neil Parker's house by securing an eye-hook lock on the door to the room from the outside, setting a contact alarm, and putting a board across the door to prevent the door from being opened.

    2.    That at the time C.H. was unable to leave the room for any purpose as the locked door was the only entrance or exit to the room. The room was dark with no bed and no furniture, only a blanket on a concrete floor. C.H. did not have access to a bathroom from the utility room. The room and blanket were soiled with urine and feces.

    3.    Charles Neil Parker confined C.H. to the room to avoid having to provide care and supervision for the minor child.

    4.    When C.H. was located in the room by law enforcement at approximately 2 a.m. on September 15, 2018, co-defendant Krista Parker was intoxicated and asleep in another room of the house and admitted that she had put C.H. in the room at approximately 9 p.m. on September 14, 2018, and had not checked on C.H. while he was in the room.

    5.    That at the time Charles Neil Parker had received C.H. in his care as a foster child and was receiving a per diem payment from Omaha Nation Children and Family Services for the care and placement of C.H.

    6.    That at the time Charles Neil Parker's residence was located within the boundaries of the Omaha Nation Reservation in Indian Country.

    7.    Both Charles Neil Parker and C.H. are enrolled members of the Omaha Tribe of Nebraska.

## III
## PENALTIES

A. COUNT I: Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

    1. A maximum of three years in prison;

    2. A maximum $10,000 fine;

    3. A mandatory special assessment of $100 per count; and

    4. A term of supervised release of not more than eighteen months. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

    5. Possible ineligibility for certain Federal benefits.

B. COUNT II: Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

    1. A maximum of three years in prison;

    2. A maximum $10,000 fine;

    3. A mandatory special assessment of $100 per count; and

    4. A term of supervised release of not more than eighteen months. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

    5. Possible ineligibility for certain Federal benefits.

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

1.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a total sentence of between 60 and 72 months. This negotiated agreement resolves all issues related to the case and is the appropriate disposition. Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

2.  The parties agree that the Court will order that terms of imprisonment for each of the two counts in the Information be served consecutively.

B.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

C.  STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

VI

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII
## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

8:18-cr-00301-RFR-MDN Doc # 111 Filed: 02/28/20 Page 6 of 7 - Page ID # 305

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties. Further, this proposed plea agreement is automatically withdrawn if the properly executed original agreement is not received on or before July 1, 2019, at the United States Attorney's, District of Nebraska.

## IX

## **MODIFICATION OF AGREEMENT MUST BE IN WRITING**

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

6

# X
## **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JOSEPH P. KELLY
United States Attorney

2/28/2020
Date

Kelli L. Ceraolo
ASSISTANT U.S. ATTORNEY

2-4-2020
Date

Charles Neil Parker
DEFENDANT

2-4-2020
Date

Mark W. Bubak
COUNSEL FOR DEFENDANT

7